**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT ALLEN, Inmate #N03705,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  04-012-GPM** |
| | ) | |
| **EUGENE McADORY, MAJOR WINE,** | ) | |
| **CRAIG S. MITCHELL, SERGEANT** | ) | |
| **KLONT, MINH T. SCOTT, and** | ) | |
| **CHAD TODARO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  Although these counts do not correspond directly to the legal claims as described by Plaintiff, they are based on the Court's determination of the claims that arise out of the facts stated in Plaintiff's complaint.  The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   Against Defendant Todaro for harassing and threatening Plaintiff in retaliation for Plaintiff's filing of grievances against him.

**COUNT 2:**   Against Defendants McAdory, Wine, and Klont for failure to intervene to prevent Defendant Todaro from harassing Plaintiff.

**COUNT 3:**   Against Defendants McAdory, Mitchell, and Scott for denying Plaintiff due process at a disciplinary hearing.

The Court now must conduct a preliminary review of the complaint pursuant to 28 U.S.C.

§ 1915A, which provides, in pertinent part:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any

supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this

point in the litigation.

FACTUAL ALLEGATIONS

Plaintiff states that in January 1999, while he was an inmate at Menard Correctional Center,

Defendant Todaro sexually harassed him on a number of occasions.  Plaintiff filed grievances

against Todaro.  After witnessing one such incident, an unnamed Menard employee made a report

of Todaro's conduct to a superior, and Todaro was ordered to stop the behaviors and was reassigned

to a different cellhouse.  Even after his reassignment, Todaro continued to harass Plaintiff when he

saw him by making retaliatory threats and racial statements.  At some point, Plaintiff was transferred to Pontiac Correctional Center.  He was transferred back to Menard in May 2003.  Upon his return, he was assigned to the North 1 cellhouse, where Todaro was then assigned.  Todaro immediately began making retaliatory threats to Plaintiff, telling him that he would get him moved to segregation. Plaintiff filed grievances against Todaro, and Todaro continued to harass Plaintiff.  After one incident of threatening behavior toward Plaintiff, Todaro "dead locked" Plaintiff in his cell for several days and wrote a false disciplinary report against Plaintiff.  As a result, Plaintiff was given one month of B-grade status and one month "no shop."  Plaintiff was, however, transferred to another cellhouse where he would have no contact with Todaro.

Plaintiff states that a few weeks later, "Todaro made it his personal responsibility to be assigned to the South Lowers cellhouse" where he continued to harass and threaten Plaintiff. Plaintiff filed an emergency grievance with Defendant McAdory regarding Todaro's treatment of him, but McAdory did not respond or intervene to stop the behavior.  Plaintiff also wrote Defendant Wine about the harassment.  Wine promised Plaintiff that Todaro would stop treating him that way. Plaintiff states, however, that Todaro disobeyed the orders of Wine, his superior, and continued to harass Plaintiff.  After that, Defendant Wine refused to intervene and ignored Plaintiff's other grievances.  Plaintiff also told Defendant Klont of the treatment, but Klont refused to intervene to stop it.

While Plaintiff was housed in the South Lowers cellhouse, Todaro wrote another false disciplinary report against Plaintiff.  The adjustment committee refused to call his witnesses and covered up their failure to do so by writing on the report of the proceeding that Plaintiff had not requested any witnesses.  As a result, Plaintiff was put in segregation for 60 days.

## COUNT 1

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on these standards and the allegations summarized above, this claim cannot be dismissed at this point in the litigation.

## COUNT 2

The Seventh Circuit has long recognized a claim under the Eighth Amendment for failure to intervene to prevent a fellow law enforcement officer from violating a plaintiff's constitutional rights.  *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (discussing police officer standards for intervening in context of prison guards).  "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know:  (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring."  *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  The responsibility to intervene applies to supervisory and nonsupervisory law enforcement officers.  *Id.*

Plaintiff has made sufficient allegations that Defendants Wine and Klont were aware of Defendant Todaro's retaliatory harassment and threats and that they had the opportunity to intervene but did not.  Accordingly, this claim cannot be dismissed at this point in the litigation.

## COUNT 3

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.

Plaintiff has stated that Defendants Mitchell and Scott violated his due process rights by failing to call his witnesses and then covering up that failure by reporting that Plaintiff did not request any. Based on these allegations and the standards noted above, Plaintiff's claim cannot be dismissed at this point in the litigation.

<u>**DEFENDANTS**</u>

Plaintiff names Eugene McAdory as a Defendant and states that he failed to intervene in Defendant Todaro's violation of Plaintiff's civil rights and that he was aware of the due process violations in his disciplinary hearing, but did nothing about them. To the extent that Plaintiff is attempting to impose liability upon McAdory as the prison warden, his attempt fails. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly, Defendant Eugene McAdory is **DISMISSED** from the action.

<u>**SUMMARY AND CONCLUSION**</u>

Plaintiff is allowed to proceed against Defendant Todaro on Count 1 of the complaint, against Defendants Wine and Klont on Count 2 of the complaint, and against Defendants Mitchell and Scott on Count 3 of the complaint. Defendant Eugene McAdory is dismissed from the action.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **TODARO, WINE, KLONT, MITCHELL, and SCOTT**. The Clerk shall forward those forms,

USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **TODARO, WINE, KLONT, MITCHELL, and SCOTT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, I.D.O.C. shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received.  If a waiver of service is not returned by any Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

§ 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party

informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to do so will result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  12/12/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge