IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT ALLEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **04-12-CJP**[1] |
| ) | |
| **EUGENE MCADORY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Plaintiff Robert Allen is before the Court seeking to compel the defendants to tender a copy of his deposition, or permit him to pay for a copy of the deposition, which he believes will be an exhibit at trial.  **(Doc. 24).**  Plaintiff claims that he previously declined to review and sign his deposition because he has difficulty reading and prison officials would not allow him to copy it and/or take time to review the deposition transcript.  Plaintiff also seeks appointment of counsel, again asserting that he cannot read well and he has no knowledge of the law.  **(Doc. 16).**

Plaintiff is indigent.  He has been allowed to proceed in forma pauperis in this case.  However, he has no right to have his litigation funded by the defendants or by the public.  ***Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003)**.  There is no constitutional "right to

---

[1] In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, Chief Judge G. Patrick Murphy referred this action to the undersigned magistrate judge for all further proceedings, through and including entry of final judgment.  **(Docs. 6, 13 and 14).**

xerox." **Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983).** Furthermore, *Ivey v. Harney*, 47 F.3d 181 (7th Cir. 1995), prohibits the Court from shifting discovery responsibilities and costs from the plaintiff, except in the rarest of circumstances. Therefore, the Court will not order the defendants to provide plaintiff with a copy of the transcript free of charge. Plaintiff may certainly pay for a copy, but at this late date that probably cannot be accomplished prior to the final pretrial conference.

A final pretrial conference is set for July 19, 2007. At that time the parties will have revealed what they intend to us as exhibits at trial. The Court will reassess plaintiff's need for a copy of the transcript at that time, as well as the need for counsel. Arrangements can also be made at that time for any copying that may be needed.

With respect to plaintiff's motion for appointment of counsel, there is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. **Jackson v. County of McLean**, **953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period. **Local Rule 83.1(i).** The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" ***Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993)**; *see also **Greeno v. Daley*, 414 F.3d 645, 658(7th Cir. 2005)**.

Plaintiff has not demonstrated that he has made reasonable attempts to retain counsel and

has not shown that he was effectively precluded from making a diligent effort in this regard. Moreover, the facts and issues in this case are not so complex that plaintiff cannot adequately present his case without counsel. Prisoners routinely ably litigate similar claims before juries, despite minimal formal education.  To date, plaintiff's pleadings have been articulate, fully supported by legal citation and effective.  Therefore, appointed counsel does not appear to be warranted.  In any event, the Court will remain open to the possibility of appointing counsel for trial and will reassess the need for counsel when plaintiff appears at the final pretrial counsel.

**IT IS THEREFORE ORDERED**, that plaintiff's motion to compel **(Doc. 24)**, and motion for appointment of counsel **(Doc. 16)** are both **DENIED**.

**IT IS SO ORDERED.**

DATED:  July 12, 2007

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**